IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AYESHA JENKINS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| THE UNIVERSITY OF PHOENIX, INC. | ) ) ) | COLLECTIVE CERTIFICATION SOUGHT |
| Defendant | ) ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Ayesha Jenkins ("Plaintiff"), on behalf of herself and all similarly situated individuals, and files this lawsuit against Defendant, The University of Phoenix, Inc. ("Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, liquidated damages and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. ("FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343(a)(4), and 29 U.S.C. § 216(b).

4.

Defendant is an Arizona Corporation, having a principle place of business at 4025 S. Riverpoint Parkway, Phoenix, Arizona, 85040. However, Defendant continuously and systematically transacts business in the State of Georgia, and has campuses in Atlanta, Marietta, Sandy Springs, Duluth and Snellville, Georgia. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §§1391(b)(1) and (d).

### III. Parties

5.

Plaintiff is a citizen of the United States of America and resident of the State of Georgia.

6.

At all relevant times to this Complaint, Plaintiff was an "employee" of Defendant, as defined under 29 U.S.C § 203(e).

7.

At all relevant times to this Complaint, Defendant was the "employer" of Plaintiff and of the members of the Collective Class (see below), as defined under 29 U.S.C. § 203(d).

8.

Plaintiff performed non-exempt labor for Defendant within the last three years.

9.

During Plaintiff's employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

10.

Defendant is a private domestic corporation that is registered in Georgia and is entitled to do business in Georgia. More particularly, Defendant is a for-profit institution of higher learning, which offers campus and online degree programs, certificate courses, and individual online classes.

11.

Defendant's gross revenues exceed $500,000 per year.

12.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §207.

### IV. Collective Action Allegations

14.

Plaintiff brings Count I of this Complaint on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who have been employed by Defendant as Enrollment Advisors during the last three years and who were not

paid the overtime wage differential when they worked more than forty (40) hours in a workweek ("the Collective Class").

15.

As an Enrollment Advisor, Plaintiff was responsible for calling potential applicants who requested information about the University of Phoenix, assisting students with the application process, assisting students with the financial aid process, and following up with students after they enrolled.

16.

Plaintiff and the Collective Class were expected to meet weekly projections, such as obtaining a certain number of referrals and applications.

17.

In order to meet these projections, Plaintiff and the Collective Class frequently worked more than forty (40) hours in a workweek.

18.

When Plaintiff and the Collective Class worked more than forty (40) hours in a workweek, Plaintiff and the Collective Class were not compensated at one and one-half times their regular rate of pay.

19.

Defendant was aware that Plaintiff and the Collective Class were working more than forty (40) hours per workweek. Specifically, Defendant could track

work hours by looking at the time when Plaintiff and the Collective Class logged in and logged out of Defendant's phone system.

20.

Plaintiff and the Collective Class are entitled to overtime pay for their hours worked over forty (40) in a workweek. Defendant's practices violate the provisions of FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

### V. Violation of the Overtime Wage Requirement of the FLSA
21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay Plaintiff and the Collective Class overtime wages for time worked in excess of forty (40) hours per workweek.

23.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

24.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per workweek without overtime compensation.

25.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

26.

Defendant knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

27.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Collective Class have suffered a loss of income and other damages.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees as under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(E)  Grant leave to add state law claims if necessary; and

(F)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 13th day of July, 2012.

                         **BARRETT & FARAHANY, LLP**

                         <u>/s Benjamin A. Stark</u>
                         Benjamin A. Stark
                         Georgia Bar No. 601867
                         Benjamin F. Barrett
                         Georgia Bar No. 039586

                         Attorneys for Ayesha Jenkins

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile